

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

June 30, 2007

Gregory Gerald Jaeger
Law Office of Gregory Jaeger
656 Georges Road
2nd Floor
North Brunswick, NJ 08902

Jared T. Hay
Salmon, Ricchezza, Singer & Turchi LLP
1700 Market Street
Suite 3110
Philadelphia, PA 19103
(*Attorneys for Plaintiff Connecticut Indemnity Company*)

Jaymie Lynn Einhorn
Peltz & Walker
222 Broadway
25th Floor
New York, NY 10038
(*Attorney for Defendants Stephen Gordon, James A. Barrett Jr., and James A. Barrett as guardian ad litem for James A. Barrett. Jr.*)

    Re:    <u>Connecticut Indemnity Co. v. Miguel Carela, *et al.*</u>
                <u>Civil Action No. 2:05-CV-1988 (WJM) (MF)</u>

Dear Counsel:

      This matter comes before the Court on Defendants Stephen Gordon and James A. Barrett Jr.'s "motion to compel the underlying claim." There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, the motion is **DENIED**.

## BACKGROUND

The facts of this case are set forth in the Court's previous opinion in this matter. Familiarity with that opinion is presumed. For purposes of the present motion, it is enough to know that James A. Barrett Jr. ("Barrett") and Stephen Gordon ("Gordon") were passengers in a car driven by Sanchez Reddicks. They sued Miguel Carela and Pinnacle Freight Lines, Inc., the owner and lessee respectively of the tractor-trailer involved in the accident, in New York state court for damages. Before the matter was tried, the parties reached a settlement of $1,000,000. Legion Insurance Company ("Legion"), the insurer of Pinnacle Freight Lines, Inc., agreed to pay the settlement. Legion, though, went into liquidation in Pennsylvania before issuing the settlement draft. Ancillary liquidation proceedings were filed in New York and New Jersey.

Barrett and Gordon filed claims in New York and Pennsylvania. Their claims, though, currently reside in New Jersey before the New Jersey Property-Liability Guaranty Association ("PLIGA"). In their present motion, they ask the Court to rule that the proper state for handling their claims is New York and not New Jersey or Pennsylvania. Barrett and Gordon want their claim handled by the New York Liquidation Bureau in New York because its guaranty association provides coverage for insolvent insurance companies up to $1,000,000. Pennsylvania and New Jersey only cover up to $300,000. Therefore, advancing their claim in New York would allow full recovery of their settlement.

In their motion, Barrett and Gordon cite specific facts they claim establish that this matter should be handled in New York. Specifically, they note that the injuries were suffered in New York, and that Barrett, Gordon, and Carela are New York residents. They also argue that Barrett was severely injured in the accident and is now dependant on benefits provided by New York State. Connecticut Indemnity does not object to this motion. This matter is now before the Court.

## DISCUSSION

The Court will deny Barrett and Gordon's motion for two reasons. First, Federal Rule of Civil Procedure 13(g) required Barrett and Gordon to file a cross-claim against PLIGA before seeking the requested relief in their motion. They failed to do so. Accordingly, Barrett and Gordon never actually commenced an action against PLIGA. Therefore, their motion seeking an order compelling PLIGA to transfer their claims to New York must be denied.

Second, even if Barrett and Gordon filed a cross-claim against PLIGA, the Court would decline to entertain the matter under *Burford* abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Under the doctrine of *Burford* abstention, "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar

cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Riley v. Simmons*, 45 F.3d 764, 771 (3d Cir. 1995) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989)). Various decisions by our Circuit note the importance to states of proceedings involving the liquidation of insurance companies. *See id*. ("*Burford* abstention has particular relevance to claims arising in the course of state regulation of insolvent insurance companies." (citations omitted)); *Gen. Glass Indus. Corp. v. Monsour Med. Foundation*, 973 F.2d 197, 201 (3d Cir. 1992) ("Pennsylvania has expressed its strong state interest in regulating insurance companies [liquidation procedures] through a complex regulatory scheme, known as the Insurance Department Act."); *Lac D'Amiante Du Quebec, Ltee v. Am. Home Assur. Co.*, 864 F.2d 1033, 1045 (3d Cir. 1988) ("[S]olvent and healthy insurance coverage is an essential state concern." ). If the Court were to grant Barrett and Gordon's motion, thereby transferring their claims to New York, it would be interfering in a complex regulatory system best left to the states involved in Legion's liquidation. Furthermore, Barrett and Gordon do not contend that they are barred from pursuing the requested relief from the appropriate state court. Accordingly, abstention under *Burford* is appropriate and Barrett and Gordon's motion is denied.

## CONCLUSION

For the foregoing reasons, Barrett and Gordon's motion is **DENIED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini
_____
**William J. Martini, U.S.D.J.**